**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **ALI MOHAMMED SEMREEN AL-KHAWALDEH and FATIMA SOUAD FANASH AL-KHAWALDEH,** §§§§<br>      *Plaintiffs* § | |
| § | **Case No. 1:20-CV-01079-RP** |
| **v.** § | |
| § | |
| **BOYD "SKIP" TACKETT and UTILITY AVIATION, INC.,** §§§<br>      *Defendants* § | |

**ORDER**

Before the Court are Plaintiffs' Motion for Leave to Supplement Evidence in Support of their Opposition to Defendant's Motion for Summary Judgment, filed May 12, 2021 (Dkt. 55), and the associated response and reply briefs (Dkts. 57, 59). On May 13, 2021, the District Court referred the Motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

### I. General Background

Plaintiffs Ali Mohammed Semreen Al-Khawaldeh and Fatima Souad Fanash Al-Khawaldeh filed this lawsuit against Defendants Boyd "Skip" Tackett and Utility Aviation, Inc. ("Utility") individually and as personal representatives of the Estate of Ahmed Ali Mohammed Khalif Al-Khawaldeh, a Jordanian Air Force pilot who died in a helicopter crash in Williamson County, Texas during a flight training program in 2018. In their First Amended Complaint, Plaintiffs, the decedent's parents, assert negligence claims against each defendant. Dkt. 31.

Pursuant to the Court's Agreed Amended Scheduling Order, dispositive motions were due on March 12, 2021. Dkt. 40. On that date, Defendants filed a motion for summary, arguing in part:

1

> First, because Plaintiffs have limited their claims to the actions of or on behalf of Utility, summary judgment is proper because all of the relevant actions in this case, including those of Tackett, were taken by or on behalf of a separate party, Brunner Aerospace, LLC, and neither Utility nor Tackett, in his capacity as an employee for Utility, had any duty to Plaintiffs as a matter of law.

Dkt. 47 at 1. Plaintiffs filed a response opposing the summary judgment motion on March 19, 2021 (Dkt. 49), and Defendants filed a reply on March 29, 2021 (Dkt. 51). The summary judgment motion remains pending.[1]

Plaintiffs now seek leave to supplement the evidence in support of their opposition to summary judgment with documents they received on May 11, 2021 from the FAA's San Antonio Flight Standards District Office pursuant to a Freedom of Information Act ("FOIA"). Plaintiffs contend that the newly received documents are relevant to whether Utility was involved in the training and crash at issue in this case. Dkt. 55 at 2. Defendants oppose the motion, contending that Plaintiffs have failed to meet their threshold burden to show good cause to supplement their summary judgment response.

## II.   Legal Standard and Analysis

Plaintiffs neither cite any case law nor identify the relevant legal standard for supplementing the summary judgment record. In their reply brief, Plaintiffs state that they "viewed this motion as akin to a motion to supplement pleadings, which does not require legal authority," citing Local Rule CV-7(d)(2)(f). Dkt. 59 at 2. Defendants argue that Plaintiffs must show "good cause" under Federal Rule of Civil Procedure 16(b)(4) to supplement the summary judgment record after the deadline in the Scheduling Order. The Court agrees with Defendants. *See Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019).

---

[1] Also pending is Plaintiffs' Motion for Partial Summary Judgment on Certain Affirmative Defenses, which the parties do not contend is relevant to the instant Motion. Dkt. 45.

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. *S & W Enters., LLC v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Four factors are relevant to a showing of good cause: (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2019). The Court considers the four good cause factors in turn.

### 1. Explanation for Failure to Timely Comply with the Scheduling Order

As stated, the documents with which Plaintiffs seek to supplement the summary judgment record were received on May 11, 2021, after briefing on the motion was complete. *See* Dkt. 55-1. Defendants contend that Plaintiffs were dilatory by submitting their FOIA request on January 13, 2021, just eight days before discovery closed. Dkt. 57 at 2. Defendants also complain that Plaintiffs made the same FOIA request two years ago, received documents in September 2019 that are duplicative of some they now seek to introduce, and failed to request other documents. *See id.* at 4; Dkt. 57-1.

Although it appears that Plaintiffs could have been more diligent in pursuing this discovery, the fact that they did not receive the documents at issue until May 11, 2021 weighs in favor of a finding of good cause. *See Pye v. Oil States Energy Servs., LLC*, 233 F. Supp. 3d 541, 564 (W.D. Tex. 2019) (finding good cause to grant plaintiff's motion to supplement his response to defendant's motion for summary judgment with documents received pursuant to FOIA after discovery closed and briefing was complete).

### 2. Importance of the Evidence

Defendants contend that they are entitled to summary judgment because they took no relevant actions in this case and owed no duty to Plaintiffs. Dkt. 47 at 1. To the extent that the proposed new evidence is relevant to whether Utility was involved in the training and crash at issue, as Plaintiffs contend, the evidence may bear on the Court's resolution of the summary judgment motion. The second factor weighs in favor of a finding of good cause.

### 3. Potential Prejudice

Defendants contend that the potential prejudice is significant, arguing that "Plaintiffs are effectively asking the Court to reopen fact liability discovery and the summary judgment record." Dkt. 57 at 6. Plaintiffs point out that Defendants do not explain why this is so or what further discovery they would need to counter the proposed new evidence. Dkt. 59 at 5. The Court finds the third factor to be neutral.

### 4. Availability of a Continuance

Because neither party has requested a continuance, the final factor also is neutral.

## III.  Conclusion

The Court has considered the relevant factors and found that two factors weigh in favor of finding good cause, while the other two are neutral. The Court finds that Plaintiffs have shown good cause under Rule 16(b) to supplement the summary judgment record with the documents attached to their Motion.

Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to Supplement Evidence in Support of Their Opposition to Defendant's Motion for Summary Judgment (Dkt. 55). The Court further **ORDERS** that, should they so choose, the parties may supplement their briefing on Defendant's Motion for Summary Judgment (Dkt. 47) to address the supplemental evidence on the following schedule:

4

- Defendants may file a Supplement to their Motion for Summary Judgment on or before **June 25, 2021**.

- If Defendants file a Supplement to their Motion for Summary Judgment pursuant to this Order, Plaintiffs may file a Response on or before **July 9, 2021**.

- Defendants may file a Reply to Plaintiffs' Response, if any, on or before **July 16, 2021**.

The briefs shall be limited to addressing the supplemental evidence. The Supplement and Response shall not exceed 10 pages in length, and the Reply shall not exceed 5 pages in length.

**SIGNED** on June 7, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE