# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ALI MOHAMMED SEMREEN AL-KHAWALDEH and FATIMA SOUAD FANASH AL-KHAWALDEH,** *Plaintiffs* | § § § § | |
| | § | |
| **v.** | § § | **Case No. 1:20-CV-1079-RP** |
| | § | |
| **BOYD "SKIP" TACKETT and UTILITY AVIATION, INC.,** *Defendants* | § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
        **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Motion for Leave to Designate Brunner Aerospace, LLC as Responsible Third Party, filed November 12, 2021 (Dkt. 88); Plaintiffs' Response to Defendants' Motion for Leave to Designate Brunner Aerospace, LLC as Responsible Third Party, filed November 17, 2021 (Dkt. 89); and Defendants' Reply in Support for Leave to Designate Brunner Aerospace, LLC as Responsible Third Party, filed November 22, 2021 (Dkt. 91). The District Court referred the motion and related filings to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.   General Background

Ali Mohammed Semreen Al-Khawaldeh and Fatima Souad Fanash Al-Khawaldeh ("Plaintiffs") bring this wrongful death and survival action in their individual capacities and on

behalf of the estate of their deceased son, Ahmed Ali Mohammed Khalif Al-Khawaldeh ("Ahmed"), a special forces helicopter pilot with the Jordanian Air Force who was killed in a helicopter crash in Granger, Texas. On April 13, 2018, the United States Army executed a contract with Brunner Aerospace, LLC ("Brunner"), a private aviation company headquartered in Georgetown, Texas, to provide flight training services to Jordanian military pilots as part of the Army's Security Assistance Training Management Organization program (the "Contract"). Dkt. 47-4.[1] Plaintiffs allege that Brunner's subsidiary, Utility Aviation, Inc. ("Utility"), also headquartered in Georgetown, Texas, was responsible for developing, implementing, and operating the flight training program (the "Training Program"). Defendants dispute this and contend that Brunner was the entity in charge of the Training Program.

Ahmed was one of the Jordanian pilots participating in the Training Program. He was receiving "MD530 Emergency Refresher Training (Enhanced)" for special operations pilots who flew MD-530F helicopters with the Jordanian Air Force. Dkt. 45-4 at 1. On August 21, 2018, at approximately 12:08 p.m., Ahmed and flight instructor Michael Hawley departed Georgetown Municipal Airport on board Hughes Helicopter 369FF for a training exercise. The National Transportation Safety Board Aviation Accident Factual Report shows that about four minutes after departure, Hawley requested a frequency change and began to descend. Dkt. 45-4 at 2. Radar recorded the helicopter traveling at a groundspeed of 90 knots and at altitudes that varied between 0 and 120 feet above ground level over unpopulated areas. *Id.* Around the same time, a witness who was at his home in Granger, Texas, observed a helicopter "rapidly approach his house from the northwest, flying low over a field, about 30 to 40 [feet above ground level], in a nose-down attitude" and became concerned that the helicopter might hit his house. *Id.* at 2-3. The witness

---

[1] Brunner's Chief Executive Officer John Brunner signed the Contract on behalf of Brunner, and the United States Army Contracting Command signed it on behalf of the Army. Dkt. 47-4 at 2.

reported that the helicopter rapidly climbed up and over the power lines that bordered his street and flew out of his view. *Id.* at 3. The helicopter then hit a power line and crashed in a cotton field a few miles from the witness' residence, killing both Ahmed and Hawley.

Plaintiffs allege that Hawley negligently engaged in an unauthorized high-speed, low-level "nap-of-the-earth flight"[2] that was the proximate cause of the helicopter crash and Ahmed's death. Dkt. 31 ¶ 12. Plaintiffs assert negligence and gross negligence against Utility and its president, Boyd A. "Skip" Tackett.[3] They allege that Utility and Tackett are vicariously liable for Hawley's negligence and gross negligence as Hawley's employer and/or the entity responsible for hiring, supervising, and deploying Hawley in the Training Program. Plaintiffs also argue that Utility and Tackett are individually liable for hiring and/or deploying Hawley in the Training Program "and failing to supervise the training operations to ensure that Hawley adhered to safety standards and the applicable flight training syllabus." Dkt. 31 ¶¶ 19-24.

On January 15, 2020, Defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), arguing that Brunner is a necessary party to this lawsuit but could not be joined due to the applicable statute of limitations. Dkt. 42. Defendants also moved for summary judgment on all of Plaintiffs' claims. Dkt. 47. Plaintiffs also moved for partial summary judgment. Dkt. 45. The undersigned issued a Report and Recommendation on July 26, 2021, recommending that (1) Defendants' motion to dismiss should be denied because Brunner was not a necessary party

---

[2] "Nap-of-the-earth flights" "are a very low-altitude flight course used in military operations to avoid enemy detection and attack in a high-threat environment." Dkt. 31 ¶ 12 n.1.

[3] Tackett is an officer in both Utility and its parent company, Brunner. Plaintiffs originally filed this suit in state court, but Tackett removed it to federal court under the Federal Officer Removal Statute, 28 U.S.C. § 1442(a)(1). *Al-Khawaldeh v. Tackett*, No. 311,162-B (146th Dist. Ct., Bell County, Tex. July 26, 2019) (Dkt. 1-2 at 3-13). Subsequently, United States District Judge Alan Albright denied plaintiffs' motion to remand on the basis that removal was proper under § 1442(a)(1) because Tackett raised the government contractor defense. Dkt. 24 at 3. On October 27, 2020, Judge Albright granted Plaintiffs' motion to transfer this case to the Austin division for the convenience of the parties and witnesses, pursuant to 28 U.S.C. § 1404(a).

under Rule 19, and that "in equity and good conscience" the action should proceed among the existing parties because the statute of limitations had expired; (2) Plaintiffs' motion for partial summary judgment should be denied; and (3) Defendants' motion for summary judgment should be denied. Dkt. 67. The District Court adopted the Report and Recommendation in its entirety on August 26, 2021. Dkt. 72.

On October 13, 2021, the District Court entered an Amended Scheduling Order setting this case for jury trial to commence on February 14, 2022. Dkt. 82 at 2. The District Court noted in the Amended Scheduling Order that "[a]ny deadlines that have already passed and that are not addressed herein are not impacted by this Order." *Id.* at 1. The joinder of parties deadline expired on July 31, 2020, Dkt. 26 at 1, and the dispositive motion deadline expired on March 12, 2021. *See* Agreed Amended Scheduling Order, Dkt. 40 at 1; *see also* Amended Agreed Scheduling Order, Dkt. 61 at 2 ("The dispositive motion deadline has passed pursuant to the previous Scheduling Order.").

Defendants now move the Court to designate Brunner as a responsible third party. Plaintiffs oppose the Motion.

## II.    Analysis

Defendants seek leave to designate Brunner as a responsible third party under Chapter 33 of the Texas Civil Practices and Remedies Code. Defendants assert that Brunner "was the actual entity responsible for contracting with the United States government to conduct the training in question, and that all actions taken by Tackett and the instructor pilot, Hawley, were done under the auspices of and in the course and scope of employment with Brunner." Dkt. 88 at 1.

Plaintiffs argue that Defendants' Motion for Leave should be denied because (1) it was filed after the statute of limitations period against Brunner had expired and therefore is untimely under Section 33.004(d); (2) Defendants failed to meet the 60-day deadline under Section 34.004(a); and

(3) equitable considerations support denying leave. The Court agrees that Defendants' Motion for Leave should be denied because it is untimely, but it is untimely under the Court's Amended Scheduling Order, not under the statute.

### A.  Tex. Civ. Prac. & Rem. Code Section 33.004

Section 33.004(a) of the Texas Civil Practice and Remedies Code allows a defendant sued in tort to designate an entity or individual who is not a party to the suit but who the defendant contends is at least partially responsible for the plaintiff's injury so their fault can be considered by the jury in apportioning responsibility. When a responsible third party is designated, the designation enables the defendant "to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit." *Withers v. Schneider Nat'l Carriers, Inc.*, 13 F. Supp.3d 686, 688 (E.D. Tex. 2014). If the responsible third party is allocated a percentage of responsibility by the jury, this allocation does not impose any liability, as the responsible third party is designated but not formally joined in the case. *Id.*; TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.003(a) and 33.004(i). The defendant's liability, however, is reduced by the percentage of responsibility attributed to the third party. TEX. CIV. PRAC. & REM. CODE ANN. §§ 33.002 and 33.004.

In order to designate a person as a responsible third party, the statute requires a defendant to file "a motion for leave to designate that person as a responsible third party . . . on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." § 33.004(a). In addition, the statute provides that

> A defendant may not designate a person as a responsible third party with respect to a claimant's cause of action after the applicable limitations period on the cause of action has expired with respect to the responsible third party if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure.

§ 33.004(d). Thus, Section 33.004(d) "acts as a procedural safeguard to prevent defendants from belatedly designating responsible third parties against whom plaintiffs cannot recover." *Whitfield v. Spitzer*, No. 2:21-CV-1, 2021 WL 1407978, at *2 (S.D. Tex. Mar. 25, 2021), *R. & R. adopted*, 2021 WL 1405877 (S.D. Tex. Apr. 13, 2021).

**B.  Defendants' Motion is Untimely Under the Amended Scheduling Order**

Defendants argue that their Motion for Leave is timely because it was filed 60 days before the trial setting in this case, as required by Tex. Civ. Prac. & Rem. Code § 33.004(a). But "[t]he fact that the Texas statute allows a defendant to designate a responsible third party if the motion for leave is 'filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date,' does not make [Defendants'] motion timely." *Crompton Greaves, Ltd. v. Shippers Stevedoring Co.*, No. CIV.A. H-08-1774, 2011 WL 5920930, at *2 (S.D. Tex. Nov. 28, 2011). As Judge Rosenthal explained in *Crompton*:

> Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. The state-law deadline for filing a motion for leave to designate responsible third parties is a procedural requirement that does not govern the timeliness of such a motion in federal court. Instead, the timeliness of the motion is governed by the scheduling order mandated by Federal Rule of Civil Procedure 16(b).

*Id.* (internal quotation marks and citation omitted); *see also Davis v. Dallas Cnty., Tex.*, 2007 WL 2301585, at *1 (N.D. Tex. Aug. 10, 2007) ("Nor does the court 'suggest that the provisions of § 33.004 that impose time limitations on seeking leave or objecting to motions for leave would apply in a diversity case to circumvent a scheduling order that imposes other deadlines.'" (citation omitted)); *Coachmen Indus., Inc. v. Alt. Serv. Concepts L.L.C.*, No. H-06-0892, 2008 WL 2787310, at *1 & n.5 (S.D. Tex. July 15, 2008) (holding that the state-law 60-day deadline for filing a motion to designate responsible third parties is a procedural requirement not binding on federal courts).

District courts in the Western District of Texas require motions to designate responsible third parties to be filed by the dispositive motion deadline in the Rule 16(b) scheduling order.[4] *Fira v. Chesapeake Operating, L.L.C.*, No. SA-19-CV-0040-OLG, 2020 WL 7629074, at *2 (W.D. Tex. June 5, 2020) ("Should any party desire to file a motion under Tex. Civ. Prac. & Rem. Code § 33.004(l) in this case, such a motion must be filed no later than the deadline for filing dispositive motions in the forthcoming scheduling order."); *Schuerger v. Farmers New World Life Ins. Co.*, No. CV SA-18-CA-584-XR, 2019 WL 659024, at *2 (W.D. Tex. Jan. 9, 2019) (same); *Perez v. Lowe's Home Centers, LLC*, No. SA-17-CV-595-XR, 2017 WL 10821393, at *2 (W.D. Tex. Nov. 28, 2017) (same).

Here, the dispositive motion deadline in the parties' Amended Scheduling Order required the parties to file any dispositive motion by March 12, 2021. Agreed Amended Scheduling Order, Dkt. 40 at 1; *see also* Amended Agreed Scheduling Order, Dkt. 61 at 2 ("The dispositive motion deadline has passed pursuant to the previous Scheduling Order."). Accordingly, Defendants' Motion for Leave was filed eight months after the dispositive motion deadline had expired and therefore is untimely. *Rockwel v. Parker Drilling Mgmt. Servs., Ltd.*, No. CV H-19-1054, 2020 WL 11563093, at *3 (S.D. Tex. Dec. 15, 2020) (holding that motion for leave to designate responsible third party was untimely where it was filed four-and-a-half months after motions deadline had passed); *Crompton*, 2011 WL 5920930, at *3 (holding that defendant's motion for leave to designate responsible third party was untimely where it was filed more than one year after motions deadline had passed).

---

[4] Because a motion to designate a responsible third party does not involve the joinder of additional parties, the District Court's deadline regarding the joinder of parties does not apply. *See Vackar ex rel. Vackar v. Lowe's Home Centers, LLC*, No. 5:20-CV-0682-OLG, 2021 WL 4079132, at *1 (W.D. Tex. July 6, 2021) ("Defendant's designation does not involve the joinder of additional parties, and it therefore is not governed by the Court's deadline regarding amended pleadings and/or the joinder of parties.").

### C. Failure to Show Good Cause

Because Defendants' Motion for Leave is untimely under the Amended Scheduling Order, Defendants must demonstrate good cause for filing an untimely motion. "To assist in the speedy and efficient resolution of cases, Rule 16(b) requires the court to enter a scheduling order that limits the time litigants may file motions. Once set, the scheduling order may only be modified by leave of court upon a showing of good cause." *Argo v. Woods*, 399 F. App'x 1, 2 (5th Cir. Sept. 10, 2010); see also FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The good cause standard requires a showing by the movant that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021), *cert. denied*, 2021 WL 5869440 (U.S. Dec. 13, 2021).

As noted, Defendants' Motion for Leave to designate Brunner as a responsible party was filed eight months after the dispositive motion deadline passed. Defendants provide no explanation why they waited eight months after the deadline to seek leave of court to file their Motion. Instead, Defendants argue that they need not demonstrate good cause because it is not a consideration under Chapter 33, and even if it was, Defendants have met their burden because "Plaintiffs would not be prejudiced by this designation." Dkt. 91 at 5.

Specifically, Defendants argue that because Tackett identified Brunner as a contracting party in its Notice of Removal and stated in its Answer that Brunner was the proper defendant—both of which occurred before the expiration of the statute of limitations—Plaintiffs will not be prejudiced by designating Brunner as a responsible third party less than two months before the trial is to commence. Dkt. 88 at 3. As Judge Rosenthal stated: "The lack of prejudice to a nonmovant does not equate to an explanation—much less a showing of good cause—for the movant's failure to

8

comply with the court's scheduling order or for the fact that the movant waited [eight months] after the motions deadline to file this motion." *Crompton*, 2011 WL 5920930, at *3.

In addition, Defendants have argued that Brunner was a responsible third party throughout this lawsuit, since they removed the case to federal court more than two years ago. Yet Defendants waited to file their Motion for Leave until after the dispositive deadline had passed, after the statute of limitations had run, and after their motion to dismiss for failure to join a party under Rule 19 was denied. Because Defendants have failed to give any reason why they could not have timely filed their motion to designate a responsible third party, Defendants have failed to demonstrate good cause. *See Argo*, 399 F. App'x at 3 ("Since Woods has failed to offer any reason why he could not have filed his motion before the deadline, we affirm the district court's denial of the motion."); *Rockwel*, 2020 WL 11563093, at *3 (finding that defendant failed to show good cause to file motion for leave to designate responsible third party four months after deadline where it offered no explanation for failure to timely file); *Crompton*, 2011 WL 5920930, at *3 (denying leave to file motion to designate responsible third party where movant failed to explain why it did not comply with scheduling order or why it waited more than a year after the motions deadline passed to file motion). Accordingly, Defendants' Motion for Leave should be denied.

### III.    Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Motion for Leave to Designate Brunner Aerospace, LLC as a Responsible Third Party (Dkt. 88).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

## IV.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

**SIGNED** on December 16, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE